1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8   Lamar Simmons,                         )    No. CV-12-01148-PHX-FJM (SPL)
                                            )
9                          Petitioner,      )
                                            )    **REPORT AND RECOMMENDATION**
10  vs.                                     )
                                            )
11  Janice K. Brewer, et al.,               )
                                            )
12                         Respondents.     )
                                            )
13  _____)

14

15  TO THE HONORABLE FREDERICK J. MARTONE, SENIOR UNITED STATES DISTRICT JUDGE:

16          Petitioner Lamar Simmons, who is confined in the Arizona State Prison Complex-

17  Eyman, Rynning Unit, in Florence, Arizona, has filed a *pro se* Second Amended Petition

18  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 10).

19                                    **BACKGROUND**

20          On April 27, 1987, Petitioner entered a guilty plea in the Maricopa County

21  Superior Court ("Superior Court"), Case No. CR 1987-001119, to two counts of burglary

22  in the first degree, two counts of sexual assault, and one count of aggravated assault.

23  (Doc. 17-1, Exh. A.)[1] On May 27, 1987, he was sentenced to a term of 21 years'

24  imprisonment for each burglary count, a concurrent term of 15 years' imprisonment for

25  _____

26  [1]     While the Petition and Respondents further indicate that in Case No. CR 1987-
    001119, Petitioner was also convicted of "Probation Violation" and sentenced to 6 years'
27  imprisonment (Doc. 10 at 2; Doc. 17 at 2), no such judgment is before this Court. The
    record does indicate that following a guilty plea in 1986, in Case No. CR 157756,
    Petitioner was sentenced to a 4-year term of probation. (Doc. 17-1 at 62, Exh. F; Doc. 17-
28  1 at 76, Exh. G.) That term of probation was revoked on April 27, 1987 (Doc. 17-1 at 63,
    Exh. F); the record however, does not specify the sentence imposed in that case.

the aggravated assault count, and a term of 21 years' imprisonment for each sexual assault count, both consecutive to the sentences imposed for the burglary counts. (Doc. 17-1, Exh. B.)

On December 2, 1993, Petitioner filed a *pro per* Notice of Post-Conviction Relief and Motion for Preparation of Post-Conviction Relief Record in the Superior Court. (Doc. 17-1, Exh. C, D.) On July 21, 1994, the Court dismissed the Notice of Post-Conviction Relief, finding that Petitioner had not filed a Petition for Post-Conviction Relief in accordance with Rule 32.4(c) of the Arizona Rules of Criminal Procedure. (Doc. 17-1, Exh. D.) Petitioner did not seek review of that decision by the Arizona Court of Appeals ("Appellate Court"). (Doc. 10 at 5.)

On February 13, 2009, Petitioner filed a second Notice of Post-Conviction Relief in the Superior Court (Doc. 17-1, Exh. E.) Petitioner filed a *pro per* Petition for Post-Conviction Relief on May 20, 2009. (Doc. 17-1, Exh. F.) On June 10, 2009, the Superior Court denied the Notice and Petition for Post-Conviction Relief, finding:

> Defendant's untimely notice argues that his consecutive sentences are illegal pursuant to A.R.S. § 13-116 because his offenses constituted a single act, and that the imposition of consecutive sentences structurally altered the terms and conditions of the plea agreement. Defendant cannot raise these claims in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Rule 32.4(a), Arizona Rules of Criminal Procedure. In addition, Defendant is precluded from relief on these claims pursuant to Rule 32.2(a), Ariz. R. Crim. P., because these claims either were or could have been raised in a prior Rule 32 proceeding.

(Doc. 17-1, Exh. G.)[2] On November 24, 2009, Petitioner filed a Petition for Review.

---

[2]    Petitioner filed a Motion for Reconsideration of the decision on June 24, 2009, which the Superior Court denied in a minute entry dated November 27, 2009. (Doc. 27 at 3.) *See also* http://www.courtminutes.maricopa.gov/docs/Criminal/122009/m3992440.pdf (last visited Sep. 10, 2013). *See Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991) (a court may take judicial notice of "matters of public record outside the pleadings."); *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n. 5 (9th Cir. 2003) (public records may be judicially noticed to show that a judicial proceeding occurred or that a document was filed in another court case); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

1   (Doc. 27 at 30; Ariz. Ct. App. No. CA-CR 09-0876 PR.) On August 3, 2011, the

2   Appellate Court summarily denied review. (Doc. 17-1, Exh. L.) Petitioner sought review

3   of the decision, and on February 2, 2012, the Arizona Supreme Court denied the Petition

4   for Review. (Doc. 27 at 46; Ariz. Sup. Ct. No. CR-11-0302-PR.)

5       On January 11, 2011, Petitioner filed a third Notice and Petition for Post-

6   Conviction Relief. (Doc. 17-1, H, I.) Finding Petitioner had failed "to state a claim for

7   which relief can be granted in an untimely Rule 32," on April 25, 2011, the Superior

8   Court dismissed the Notice and Petition for Post-Conviction Relief. (Doc. 17-1, Exh. J.)

9   Petitioner sought review of the decision on May 17, 2011. (Doc. 17-1, Exh. K.) On or

10  about March 8, 2012, the Appellate Court denied review. (Doc. 10 at 5.)

11      Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

12  (Doc. 1) on May 30, 2012, and the instant Second Amended Petition (Doc. 10) on

13  September 13, 2012. Respondents filed a Limited Answer (Doc. 17), to which Petitioner

14  filed a Reply (Doc. 27).

15                              **DISCUSSION**

16      In his Second Amended Petition for Writ of Habeas Corpus, Petitioner raises eight

17  grounds for relief. In Ground One, Petitioner argues that his Fifth, Sixth, and Fourteenth

18  Amendment rights were violated when he received consecutive, rather than concurrent,

19  sentences. In Ground Two, Petitioner argues that his Fifth, Sixth, and Fourteenth

20  Amendment rights were violated when he received a sentence contrary to the terms of his

21  plea agreement. In Ground Three, he contends that rights under the Fifth, Sixth, Eighth,

22  and Fourteenth Amendments were violated when he received a sentence which exceeds

23  state statutory guidelines. In Ground Four, Petitioner argues that he received ineffective

24  assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments. In

25  Ground Five, he alleges his Fifth, Sixth, and Fourteenth Amendment rights were violated

26  based on the imposition of an illegal sentence. In Ground Six, Petitioner argues that he

27  was denied due process when he received an enhanced sentence, in violation of Fifth,

28  Sixth, and Fourteenth Amendment. In Ground Seven, Petitioner alleges he received

ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments, when counsel failed to investigate aggravating and mitigating factors. Lastly, in Ground Eight, Petitioner argues he received ineffective assistance of counsel when counsel allowed him to be sentenced under a state statutory enhancement provision, in violation of the Fifth, Sixth, and Fourteenth Amendments.

In response, Respondents contend that Petitioner's habeas petition is time-barred. Respondents alternatively argue that Petitioner did not exhaust his state court remedies and his claims are procedurally barred. For the reasons that follow, the Court finds that the habeas petition is barred by the statute of limitations, and will therefore recommend that it be denied on that basis.

## I.    Legal Standard

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3] 28 U.S.C. § 2244. The AEDPA imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244. The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]    The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Within the meaning of 28 U.S.C. § 2244(d)(1)(A), an "of-right" petition for post-conviction review under Rule 32 of the Arizona Rules of Criminal Procedure, available to criminal defendants who plead guilty, is a form of "direct review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). *See also* Ariz. R. Crim. P. 32.1. Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review. *Summers v. Schriro*, 481 F.3d at 711. *See* Ariz. R. Crim. P. 32.4(a), 32.9(c); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 656 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). Where a petitioner seeks direct review from the highest state court, "the period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999); *see also Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

The one-year filing deadline is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). *See also Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed, even though the petition is not filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."). An application is "pending" during the "time between a lower state court's decision and

the filing of a notice of appeal to a higher state court." *Carey v. Saffold*, 536 U.S. 214 (2002); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). However, the time between a first and second application for post-conviction relief is generally not tolled because no application is "pending" during that period. *See Biggs*, 339 F.3d at 1048; *see also King v. Roe*, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Further, unlike finality under 28 U.S.C. § 2244(d)(1), statutory tolling under § 2244(d)(2) does not apply to the period to seek certiorari from the United States Supreme Court. *See White v. Klitzkie*, 281 F.3d 920, 924 (9th Cir. 2002).

In certain limited circumstances, the one-year filing deadline may be equitably tolled. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). *See also Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (recognizing that AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). A petitioner is entitled to equitable tolling if he can demonstrate that "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way'" to prevent him from timely filing a petition. *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S, 408, 418 (2005)); *Roberts v. Marshall*, 627 F.3d 768, 772 (9th Cir. 2010) (the petitioner must demonstrate "both that there were 'extraordinary circumstances,' and that the 'extraordinary circumstances were the cause of his untimeliness'") (quoting *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007)); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) ("Equitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotation marks and citations omitted). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Miranda v. Castro*, 292

1    F.3d 1063, 1066 (9th Cir. 2002)).

2        Lastly, "an actual-innocence gateway claim" may serve as an exception to

3    AEDPA's limitations period. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1926-

4    1927 (2013) (also referring to this exception as a "fundamental miscarriage of justice

5    exception"); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc). To qualify for

6    this exception, a petitioner must present "new reliable evidence ... that was not presented

7    at trial." *Lee*, 653 F.3d at 938. *But see McQuiggin*, 133 S. Ct. at 1927 (explaining the

8    significance of an "[u]nexplained delay in presenting new evidence"). The petitioner

9    must then make a credible showing of "actual innocence" by "persuad[ing] the district

10   court that, in light of the new evidence, no juror, acting reasonably, would have voted to

11   find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995);

12   *see also Lee*, 653 F.3d at 932 (where a petitioner passes the actual innocence "*Schlup*

13   gateway" he may "have his otherwise time-barred claims heard on the merits"). However,

14   "[t]his is a high threshold that is rarely met." *Lee*, 653 F.3d at 945; *see also McQuiggin*,

15   133 S. Ct. at 1928 ("tenable actual-innocence gateway pleas are rare").

16   **II.    Application**

17        **A.    Commencement of Limitations Period**

18        Petitioner entered into a plea agreement and was sentenced on May 27, 1987.

19   Petitioner had 90 days from that date to timely file an "of-right" petition for post-

20   conviction relief. Ariz. R. Crim. P. 32.4(a) ("In a Rule 32 of-right proceeding, the notice

21   must be filed within ninety days after the entry of judgment and sentence"). Petitioner did

22   not do so; therefore, his convictions would have become final on August 25, 1987 for

23   purposes of 28 U.S.C. § 2244(d)(1)(A). *See Gonzalez*, 132 S. Ct. at 656. However, where

24   a conviction became final before the enactment of the AEDPA, as here, the limitations

25   period did not commence until April 24, 1996. *Patterson v. Stewart*, 251 F.3d 1243, 1245

26   (9th Cir. 2001).

27        Petitioner essentially argues that the limitations period did not commence until the

28   issuance of the Supreme Court's decision in *Missouri v. Frye*, __ U.S. __, 132 S. Ct.

1399 (2012), because it announced a newly-recognized constitutional right. (Doc. 10 at 15.) *See* 28 U.S.C. § 2244(d)(1)(C). Petitioner's argument is unavailing. *Frye* did not recognize a new constitutional right, rather, it "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985)." *Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012). "Because the Court in *Frye*… repeatedly noted its application of an established rule to the underlying facts, [it] did not break new ground or impose a new obligation on the State or Federal Government." *Buenrostro*, 697 F.3d at 1139. Therefore, *Frye* does not qualify as a "constitutional right ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" under § 2244(d)(1)(C). Consequently, the limitations period commenced on April 24, 1996 and, absent tolling, it continued to run until it expired on April 24, 1997. *See Patterson*, 251 F.3d at 1246 (prisoners "whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions").

### B.  Statutory Tolling

Petitioner has not identified any proceeding which statutorily tolled the limitations period. Petitioner's 1993 post-conviction relief proceeding did not toll the limitations period because it concluded before the one-year grace period commenced in 1996. *See Patterson*, 251 F.3d 1247. Further, it was not until 2009, more than 12 years after the grace period expired, that Petitioner sought post-conviction review again. Because the AEDPA statute of limitations had already expired, neither the 2009 or 2011 notices for post-conviction relief tolled the limitations period. Section 2244(d)(2) can only serve to pause a clock that has not yet fully run. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state petition filed after the expiration of AEDPA's one-year period does not revive a limitations period that ended before state petition was filed). Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot

restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, Petitioner has not demonstrated that he is entitled to statutory tolling of the limitations period.

### C.   Equitable Tolling

Petitioner has also not presented any circumstance that justifies equitably tolling of the statute of limitations. Petitioner has not shown that he pursued his claims diligently, because the facts he cites have been available to him such that he could have filed a timely petition. Further, Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance which precluded him from timely filing. Petitioner appears to concede that his habeas petition is untimely under the AEDPA, but argues that the Supreme Court's decision in *Frye* warrants tolling. *Even if* Petitioner could argue that but for *Frye*, he could not have prevailed on a federal habeas claim, he does not argue that he was prevented from preparing or filing a federal habeas petition. *See Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005) *cert. denied*, 546 U.S. 1171 (2006). Petitioner has filed numerous pleadings in state court, yet has not explained his failure to timely petition this Court. Based on these circumstances, the Court simply cannot say that extraordinary circumstances stood in Petitioner's way and prevented him from timely filing a federal habeas petition.

### D.   Fundamental Miscarriage of Justice Exception

Lastly, Petitioner does not attempt to cast "doubt on the conviction by undercutting the reliability of the proof of guilt" nor does he make any claim of actual innocence. *Lee*, 653 F.3d at 937.  "[A] petitioner must produce sufficient proof of his actual innocence to bring him within the narrow class of cases ... implicating a fundamental miscarriage of justice." *Id.* (internal quotation marks omitted); *see also McQuiggin*, 133 S. Ct. at 1927 ("A petitioner invoking the miscarriage of justice exception" must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial…"). Here, Petitioner seeks to challenge the constitutional fairness of the sentences he received. Although Petitioner cites the

"constitutional magnitude of fundamental error" (Doc. 10 at 15) as a basis to excuse the untimeliness of his petition, he has not proffered any evidence or argument of actual innocence, and thus has not presented new evidence that justifies review of his time-barred claims under this exception.

In sum, here, the statute of limitations ran uninterrupted until the conclusion of the one-year grace period on April 24, 1997. Petitioner did not file his federal habeas petition until May 30, 2012, more than 15 years after that period expired. Therefore, the Court finds that the Petition for Writ of Habeas Corpus is untimely and barred by the statute of limitations, and will recommend that it be denied.

## III.   Motions

### A.   Motions for Appointment of Counsel

Petitioner has filed a Petition to be Appointed Counsel (Doc. 28) and Motion for Appointment of Counsel (Doc. 29). The Court has discretion to appoint counsel in habeas proceedings when "the interests of justice so requires." 18 U.S.C. § 3006A(a)(2). Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." However, "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay* , 345 F.2d 778, 782 (9th Cir. 1965)).

Petitioner contends that because he is unable to afford counsel and his ability to litigate his case is limited by his incarceration, an attorney should be appointed to represent him. The Court does not find that the interests of justice require the appointment of counsel under these circumstances. His reasons for requesting counsel fail to show that the complexities of the case are such that a denial of appointed counsel would amount to a denial of due process. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th

Cir. 1987) (affirming the denial of the appointment of counsel where petitioner presented issues coherently). Further, the record is amply developed, and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 fn. 13 (9th Cir. 2011)*; Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010); *Ortiz v. Stewart,* 149 F.3d 923, 934 (9th Cir. 1998); 28 U.S.C.A. § 2254(e)(2). For these reasons, Petitioner's request for appointed counsel will be denied.

### B.      Motion for Sentencing Transcripts

Petitioner has filed a Motion for Sentencing Transcripts (Doc. 30). Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court may order a respondent to furnish parts of existing transcripts of pretrial, trial, sentencing, or post-conviction proceedings. *See also* Rule 7(a) ("If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."); Rule 6(a) ("A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, and may limit the extent of discovery."). An indigent criminal defendant is entitled to a trial transcript on direct appeal as a matter of law. *Griffin v. Illinois*, 351 U.S. 12 (1956); *see also Britt v. North Carolina*, 404 U.S. 226, 227 (1971). However, there is no entitlement to a free copy of the transcript when seeking collateral review. *United States v. MacCollom*, 426 U.S. 317, 326 (1976). Transcripts may be provided at government expense upon a showing of a particularized need for the documents which are necessary to decide issues in a non-frivolous pending case. *Id.* at 323–330 (upholding 28 U.S.C. § 753(f), which allowed a free copy of transcripts for federal habeas petitioner who demonstrated the petition was not frivolous and transcript was necessary to its disposition). *See also* 28 U.S.C. § 2250.

Petitioner moves the Court for a transcript of state sentencing proceedings. As previously discussed, the Court finds that the Petition is barred by the statute of limitations. The Court does not find that that the sentencing transcript is necessary to decide the issues presented in his habeas petition, such that it should be furnished at

11

government expense. Therefore, the Court will deny Petitioner's request for a sentencing transcript.

## CONCLUSION

The Court will deny the pending motions for appointed counsel and a transcript of state sentencing proceedings. Further, for the reasons above, the Court finds that the Petition is barred by the statute of limitations. The Court will therefore recommend that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be denied and dismissed with prejudice. Accordingly,

## ORDER

**IT IS ORDERED** that the Petition to be Appointed Counsel (Doc. 28), Motion for Appointment of Counsel (Doc. 29) and Motion for Sentencing Transcripts (Doc. 30) are **DENIED**.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 10) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and

Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 11th day of September, 2013.


Honorable Steven P. Logan
United States Magistrate Judge

13