**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lamar Simmons, | ) | No. CV-12-01148-PHX-FJM |
| Petitioner, | ) ) | **ORDER** |
| vs. | ) ) | |
| Janice K. Brewer, et al., | ) ) | |
| Respondents. | ) ) ) | |

The court has before it petitioner's second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 10), respondent's response (doc. 17), and petitioner's reply (doc. 27), the report and recommendation of the United States Magistrate Judge (doc. 33) and petitioner's objections (doc. 35). We also have before us petitioner's motion to stay or in the alternative to dismiss without prejudice (doc. 34).

Petitioner pled guilty to two counts of burglary, two counts of sexual assault, and one count of aggravated assault. He was sentenced to a term of 21 years imprisonment for each burglary count, a concurrent term of 15 years for the aggravated assault count, and a term of 21 years for each sexual assault count, both consecutive to the sentences imposed for the burglary counts. Petitioner contends that the sentence was a result of ineffective assistance of counsel and violates his constitutional rights.

Petitioner filed a notice of post-conviction relief ("PCR") on December 2, 1993, but

1 he did not file a petition. The notice was dismissed on July 21, 1994. On February 13, 2009, petitioner filed a second notice of PCR, and a petition for PCR on May 20, 2009. The court denied the PCR petition as untimely.

Petitioner filed a third notice and petition for post-conviction relief on January 11, 2011, which was also dismissed as untimely. He filed the present petition for writ of habeas corpus on May 30, 2012.

The Magistrate Judge found that the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, ran on April 24, 1997. Because petitioner did not file his petition for writ of habeas corpus until 15 years after the limitations period expired, the Magistrate Judge concluded that the petition is untimely and barred by the statute of limitations. Accordingly, the Magistrate Judge recommends that the petition be denied and dismissed with prejudice.

Petitioner's only objection to the report and recommendation is the same argument presented in his motion to stay or in the alternative to dismiss without prejudice (doc. 34). He argues that he filed a new notice of post-conviction relief in state court on September 19. 2013, based on new federal case law, Martinez v. Ryan, 132 S. Ct. 1309 (2012), and he asks that the instant petition be stayed or dismissed without prejudice pending the state court's ruling.

Martinez held that inadequate assistance of counsel at an initial-review collateral proceeding may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Id. at 1320. This exception may apply if "there was no counsel [in the initial-review collateral] or counsel in that proceeding was ineffective." Id. Petitioner's reliance on Martinez is misplaced. First, petitioner asked to represent himself at the initial-review proceeding. See doc. 17-1 at 20. Moreover, Martinez applies to excuse a procedural default. It does not address equitable tolling of the AEDPA statute of limitations. Because Martinez does not apply in this case, the motion to stay or dismiss without prejudice is denied (doc. 34).

Pursuant to Rule 8(b), Rules Governing § 2254 Cases, we accept the recommended

decision of the United States Magistrate Judge. Therefore, **IT IS ORDERED DENYING AND DISMISSING** with prejudice the second amended petition for writ of habeas corpus (doc. 10).

**IT IS FURTHER ORDERED DENYING** petitioner's motion to stay or alternatively dismiss without prejudice (doc. 34).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal because dismissal of the habeas petition is required by the expiration of the statute of limitations and jurists of reason would not find the ruling debatable.

DATED this 9th day of October, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge