IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lamar Simmons,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-12-01148-PHX-FJM (BSB)<br><br>**REPORT AND RECOMMENDATION** |

On July 6, 2017, Petitioner filed a motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. (Doc. 41.) Petitioner asks the Court to set aside the order dismissing his second amended petition for writ of habeas corpus under Fed. R. Civ. P. 60(a)(1), (6). (*Id.*) Petitioner argues that the dismissal was a result of the Court's failure to properly apply the "interests of justice standard" when it denied his motions for court-appointed counsel. (*Id.*) For the reasons set forth below, it is recommended that the Court deny Petitioner's motion.

**I.    Background**

On May 30, 2012, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which he subsequently amended twice. (Docs. 1, 7, 10.) Petitioner also filed two motions for the appointment of counsel. (Docs. 28, 29.) On September 11, 2013, the assigned magistrate judge[1] issued a report and recommendation

---

[1] The Honorable Steven P. Logan, United States District Judge, was previously assigned this case when he was magistrate judge.

finding that the second amended petition was barred by the applicable statute of limitations and recommending that the Court dismiss the second amended petition as untimely. (Doc. 33.) In addition, the assigned magistrate judge denied Petitioner's motions for appointment of counsel because an evidentiary hearing was not warranted and "the interests of justice [did not] require the appointment of counsel." (Doc. 33 at 10.) The report and recommendation noted that Petitioner had not shown that "the complexities of the case [were] such that a denial of appointed counsel would amount to a denial of due process." (*Id*.) On October 9, 2013, the Court accepted the report and recommendation and dismissed the second amended petition as untimely. (Doc. 36.) The Court entered judgment that same day. (Doc. 37.)

On July 6, 2017, Petitioner filed a motion for relief from judgment, which was referred for a report and recommendation. (Doc. 42.) The assigned magistrate judge ordered Respondents to file a response to the motion and specifically stated that Petitioner could file a reply. (Doc. 43.) Respondents filed a response on August 23, 2017. (Doc. 44.) Respondents argue that the motion should be denied because it is untimely, does not satisfy the standards for relief under Rule 60(b), and lacks merit. Petitioner did not file a reply and the time to do so has passed. (*See* Doc. 43.) As set forth below, this report and recommendation concludes that the motion is untimely and should be denied.

**II. Analysis**

**A. Rule 60(b) Motion and the AEDPA**

Petitioner argues that he is entitled to relief from the judgment in this habeas corpus proceeding pursuant to Rule 60(b), because the Court failed to properly consider his requests for the appointment of counsel. (Doc. 41.) Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), Rule 60(b), like the rest of the Federal Rules of Civil Procedure, may be applied in habeas corpus proceedings under § 2254 only "to the extent that [it is] not inconsistent with" applicable federal statutes or the rules governing § 2254 cases. *See* Rule 12 of the Rules Governing Section 2254 Cases. Therefore, when

confronted with a Rule 60(b) motion in a habeas corpus case, courts must consider 28 U.S.C. § 2244(b), which imposes requirements on the filing of second or successive habeas corpus applications. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). "Rule 60(b) motions which seek to advance a claim, such as by adding a new ground or relief or attacking the merits of the court's previous resolution, are impermissible second or successive habeas applications." *Kiehle v. Ryan*, 2013 WL 5718949, at *1 (D. Ariz. Oct. 18, 2013) (citing *Gonzalez*, 545 U.S. at 530-32.) However, "Rule 60(b) motions that attack the integrity of the habeas proceedings without raising such claims are permissible." *Kiehle*, 2013 WL 5718949, at * 1 (citing *Gonzalez*, 545 U.S. at 530-32). A Rule 60(b) motion that challenges the court's refusal to appoint counsel is permissible because it attacks the integrity of the proceedings. *Kiehle*, 2013 WL 5718949, at *1 (explaining that a challenge to the court's failure to appoint counsel is not a new claim for habeas corpus relief). Therefore, Petitioner's motion is a permissible Rule 60(b) motion. However, as set forth below, it is untimely.

### B.     Petitioner's Motion is Untimely

Rule 60(b) permits the court to order relief from judgment for any of the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . . ; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) motions are subject to timing restrictions. A Rule 60(b) motion "must be made within a reasonable time . . . [and] no more than a year after the entry of the judgment" for the reasons in Rule 60(b)(1), (2), or (3). Fed. R. Civ. P. 60(c)(1).

#### 1.     Rule 60(b)(1)

Petitioner's request for relief under Rule 60(b)(1) is untimely because it was not filed within the one year time limit. Rather, it was filed in July 2017, nearly four years after the Court entered judgment on October 9, 2013. (Docs. 37, 41.) The time limits for filing Rule 60(b) motions "must be strictly enforced." *Ceja v. Scribner*, 2016 WL

3996152, at *5 (C.D. Cal. Jan. 19, 2016) (citing *McKnight v. Neven*, 366 Fed. App'x. 841, 842 (9th Cir. 2010)). Because Petitioner did not file a motion for relief under Rule 60(b)(1) within the time that Rule 60(c)(1) permits, it is recommended that the Court deny Petitioner's request for relief under Rule 60(b)(1). *See Inland Concrete Enters., Inc. v. Kraft*, 318 F.R.D. 383, 411 (C.D. Cal. 2016) (stating that Rule 60(c)(1)'s "one-year time limit . . . is jurisdictional and cannot be extended.") (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)).

### 2. Rule 60(b)(6)

Furthermore, Petitioner's motion is untimely under Rule 60(b)(6), which is a catch-all provision that allows a court to vacate a judgment for "any other reason justifying relief from the operation the judgment." Fed. R. Civ. P. 60(b)(6). That rule "has been used sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A motion under Rule 60(b)(6) must be made within a reasonable time after entry of the judgment at issue. Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to the other parties." *Lemoge v. United States*, 587 U.S. 1188, 1196-97 (9th Cir. 2009) (internal quotations and citations omitted).

As previously noted, Petitioner filed his motion nearly four years after the Court entered judgment in this § 2254 proceeding. Courts have found that delays much shorter than four years in seeking Rule 60(b)(6) relief unreasonable. *See Morse-Starrett Products Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953) (finding a twenty-two month delay unreasonable); *Hogan v. Robinson*, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009) (concluding that a Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely" was untimely); *Henry v. Lindsey*, 2008 WL 459498, at *2 (N.D. Cal. Oct. 15, 2008) (finding a Rule 60(b)(6) motion untimely when the

petitioner waited "an additional two and a half years" after the Ninth Circuit's affirmance before filing); *Swait v. Evans*, 2008 WL 4330291, at *5-6 (C.D. Cal. Sept. 22, 2008) (finding a Rule 60(b) motion untimely when petitioner "failed to proffer any legally valid explanation for his two-year delay.").

Here, Petitioner filed the Rule 60(b)(6) motion in July 2017, nearly four years after judgment was entered in October 2013. In his motion, Petitioner sets forth the procedural history of his § 2254 proceeding and related matters, but does not explain why he did not file his Rule 60(b) motion until July 2017. (Doc. 41.) Petitioner seeks Rule 60(b) relief based on his assertion that the assigned magistrate judge applied the incorrect standard when ruling on his motions for appointment of counsel. (*Id.*) To support his motion, Petitioner cites *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (stating that "[i]n deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success of the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues in involved.") Because Petitioner's motion relies upon a case decided in 1983, and this Court's reasoning in ruling on his motions for appointment of counsel in 2013, Petitioner was aware of the basis of his Rule 60(b) motion, or could have been aware of the basis of his motion, sooner than when the filed his Rule 60(b) motion. Additionally, this matter has been closed for over four years and Respondents could be prejudiced by reopening this matter based on the interests in finality.

Considering the interest in finality, Petitioner's failure to provide a sufficient for his delay in filing a Rule 60(b)(6) motion, the ability of Petitioner to discover earlier the grounds relied upon in his motion, and the inherent prejudice to Respondents, it is recommended that the Court conclude that Petitioner did not file his Rule 60(b)(6) motion within a reasonable time. *See Lemoge*, 587 F.3d at 1196. Additionally, Petitioner has not shown that "circumstances beyond his control prevented timely action to protect [his] interests." *Lehman v. United States*, 154 F.3d 1010, 1017 (9th Cir. 1998) (discussing requirements for relief under Rule 60(b)(6)).

### III. Conclusion

For these reasons, this report and recommendation concludes that Petitioner's requests for relief from judgment under Rule 60(b)(1) and 60(b)(6) are untimely, and recommends that Petitioner's Rule 60(b) motion be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's motion for relief from judgment (Doc. 41) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 21st day of November, 2017.

Bridget S. Bade
United States Magistrate Judge